# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | |
|---|---|
| BRYAN MASON, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-3557-CV-S-MJW |
| MERCY HOSPITAL OF SPRINGFIELD, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the motion of defendant Mercy Hospital of Springfield to dismiss the complaint of plaintiff Bryan Mason for failure to exhaust administrative remedies and for failure to state a claim on which relief may be granted. Specifically, defendant argues that because plaintiff failed to provide his Equal Employment Opportunity Commission (EEOC) notice of right-to-sue letter, he has failed to exhaust his administrative remedies for each individual discriminatory act alleged in his complaint. Defendant also argues that plaintiff's complaint fails to properly set forth the legal basis for his claims.

Plaintiff has filed suggestions in opposition and an alternative motion to amend. Defendant filed reply suggestions and plaintiff filed a second response to defendant's motion to dismiss, attaching a copy of his right-to-sue letter received from the EEOC on January 23, 2013.

### Discussion

To initiate a claim under Title VII, a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter. Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000); 42 U.S.C. § 2000e-(5)(e)(l). To initiate a claim under the Missouri Human Rights Act (MHRA), a party must timely file an administrative complaint with the Missouri Commission on Human Rights (MCHR) and either adjudicate the claim through the MCHR or obtain a right-to-sue letter. Stuart at 630; Mo. Ann. Stat. §§ 213.075, 213.111(1). Exhaustion of administrative remedies entitling a claimant to bring a cause of action, under both statutes,

"requires a claimant to give notice of all claims of discrimination in the administrative complaint." Stuart at 630.

Here, the facts are that prior to filing this case in state court on November 15, 2012,[1] plaintiff had filed his claims, which are the basis of this lawsuit, administratively with the MCHR and the EEOC. Plaintiff had received a right-to-sue letter from the MCHR dated August 20, 2012, allowing him ninety days in which to file a complaint in state court. On November 15, 2012, just days prior to the expiration of the ninety days, plaintiff filed his complaint in state court alleging that he was unlawfully terminated by defendant based on his age and handicap. On January 23, 2013, plaintiff received his right-to-sue letter from the EEOC.

Based on these facts, specifically the imminent expiration of plaintiff's claims under the MHRA at the time his complaint was filed in state court and plaintiff's receipt of a right-to-sue letter from the EEOC on January 23, 2013, the Court will deny defendant's motion to dismiss for failure to exhaust all administrative remedies. Plaintiff has exhausted his age and disability discrimination claims with the MCHR and the EEOC.

Defendant's motion to dismiss for failure to state a claim, specifically, plaintiff's failure to identify what statutes support his claims of age and disability discrimination, does have merit.[2] However, upon consideration of plaintiff's motion to amend, defendant's motion for failure to state a claim will be denied. "Leave to amend a complaint shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend should be granted absent a good reason for denial, such as undue delay, bad faith, undue prejudice to the nonmoving party, or futility." Fuller v. Secretary of Defense, 30 F.3d 86, 88 (8th Cir. 1994). Here, the Court finds that justice requires granting plaintiff leave to amend his complaint in order to specifically identify the state and federal statutes under which he seeks relief for alleged age and disability discrimination;

---

[1] Plaintiff's case was removed from state to federal court on December 26, 2012, by defendant Mercy Hospital of Springfield.

[2] Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp., 550 U.S. at 570).

such amendment will not cause undue prejudice to the defendant.  Plaintiff's amended complaint must provide a short and plain statement showing he is entitled to relief and under what law/statutes his claims are brought.

    IT IS, THEREFORE ORDERED that the motion of defendant Mercy Hospital of Springfield to dismiss is denied.  [3]  It is further

    ORDERED that within thirty days of the date of this order, plaintiff file an amended complaint  [5]

    Dated this 3rd day of May, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge